IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

_____

CONBRACO INDUSTRIES, INC.,

    a North Carolina corporation,

        Plaintiff,

v.                                 Civil Action No. 3:14-cv-368

MITSUBISHI SHINDOH CO., LTD.,     **JURY TRIAL DEMANDED**

    a Japanese corporation,

        Defendant.
_____

## DECLARATORY JUDGMENT COMPLAINT

COMES NOW, Plaintiff Conbraco Industries, Inc. ("Conbraco") and files this Declaratory Judgment Complaint against Defendant Mitsubishi Shindoh Co., Ltd. ("Mitsubishi"). Conbraco respectfully alleges and states the following:

### JURISDICTION AND VENUE

1. This action is instituted under 28 U.S.C. §§ 2201 and 2202 for a Declaratory Judgment of non-infringement, invalidity and unenforceability of certain United States Letters Patents alleged by Mitsubishi to be owned by Mitsubishi, arising from an actual and justiciable controversy between Conbraco and Mitsubishi as to the validity, scope, infringement and enforceability of the patents; because of alleged unauthorized use by Conbraco of the alleged inventions purportedly embodied in and covered by Mitsubishi's patents; and under the laws of the State of North Carolina relating to unfair acts and practices in trade or commerce, particularly

North Carolina General Statute § 75-1.1 et seq. to recover threefold the damages sustained by Conbraco as the result of its being injured in its business and property by reason of Mitsubishi's violations of law, and for injunctive relief against threatened loss or damage by Mitsubishi's violations of law, and also to recover the cost of suit, including reasonable attorney fees. The amount in controversy between Conbraco and Mitsubishi exceeds the sum of $75,000.00 exclusive of interest and costs.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332; 1338, 1367; and 28 U.S.C. § 2201, and 28 U.S.C. § 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

4. Upon information and belief, Mitsubishi is owner by assignments of United States Patent Nos. 7,883,589 ("'589 Patent") and 8,506,730 ("'730 Patent"), and has sufficient contacts with North Carolina to satisfy this Court's exercise of personal jurisdiction over it, including but not limited to:

(a) direct threats of infringement directed to Conbraco at its place of business in North Carolina;

(b) direct threats of infringement directed to Conbraco at its place of business in North Carolina containing multiple references and implicit threats to sue one of Conbraco's largest customers which also resides in North Carolina within this district, and to whom Conbraco has patent infringement indemnity obligations pursuant to North Carolina's Uniform Commercial Code;

(c) the grant of an exclusive license to a United States licensee for the above-referenced patents that extends through 2027, with the right to supply alloys purporting to

2

be protected by the above-referenced patents "to plumbing customers throughout the United States";

(d) visits to Conbraco by Mitsubishi's exclusive licensee soliciting business from Conbraco;

(e) the right to grant sublicenses to sublicensees that conduct continuous, substantial business throughout the United States and within the State of North Carolina;

(f) the grant to the same exclusive licensee of the right to enforce and protect trademarks owned by Mitsubishi for the trademark EcoBrass throughout the United States; and

(g) since 2000, the operation of an interactive business-to-business website by its exclusive licensee that solicits business throughout the United States, including North Carolina.

**PARTIES**

5. Conbraco is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Matthews, North Carolina. Conbraco carries out its valve-related business under the trade name and trademark "Apollo" Valves.

6. Upon information and belief, Mitsubishi is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 4-7-35, Kita-shinagawa, Shinagawa-ku, TOKYO 140-8550.

7. Upon information and belief, Mitsubishi does business in the United States in its own name for its own account and through its exclusive patent licensee, Chase Brass & Copper Company, Inc., having a principal place of business located at 14212 County Road M50, Montpelier, Ohio 43543.

3

## FACTS

8. On or about September 12, 2012, Mitsubishi forwarded to Conbraco a letter containing a claim of infringement of Mitsubishi's '589 and '730 Patents, expressing the concern that certain valves sold by Conbraco may infringe these patents, providing information regarding Mitsubishi's patent licensee in the United States and suggesting that purchases of EcoBrass rods and ingots from that licensee. Similar claims also appeared in a letter from Mitsubishi to Conbraco's patent counsel, dated November 6, 2013. On or about January 23, 2014 Mitsubishi's U.S. patent counsel wrote Conbraco's patent counsel directly asserting that Conbraco's valve products "infringe U.S. Patent Nos. 7,883,589 and 8,506,730." Further infringement threats were also directed to Conbraco and its patent counsel in the State of North Carolina on April, 23, 2014.

9. The above-referenced letters and related telephone conferences and the explicit allegations and threats made by Mitsubishi in its correspondence with Conbraco and its counsel comprise and demonstrate that an actual controversy exists between Conbraco and Mitsubishi within the meaning of 28 U.S.C. § 2201(a).

## COUNT ONE

### Invalidity, Non-Infringement and Unenforceability of the '589 Patent

10. The '589 Patent was issued on February 8, 2011 to Mitsubishi as assignee of Keiichiro Oishi on an application filed on May 26, 2006 for "Free-Cutting Copper Alloy Containing Very Low Lead." Mitsubishi, as assignee, claims to be the owner of all right, title and interest in and to the '589 Patent.

11. Mitsubishi has alleged and does now allege that Conbraco is infringing the '589 Patent by selling throughout the United States valves containing brass alleged to infringe the

'589 Patent. Conbraco has denied and does now deny such charge of infringement, has asserted and does now assert that it has the right to sell such valves unhampered and unmolested by Mitsubishi, and seeks a declaration by this Court that Conbraco has not and is not infringing any claim of the '589 Patent, that the claims of the '589 Patent are invalid, and that the '589 Patent and its claims are unenforceable.

12. Conbraco specifically denies infringement with respect to the '589 Patent. The '589 Patent, when given the scope asserted for it by Mitsubishi, is broader than the alleged invention described therein and consequently Mitsubishi is not entitled to assert such scope for the '589 Patent so as to cover the "free-cutting copper alloy" used by Conbraco in its valves and alleged by Mitsubishi to be an infringement of its '589 Patent.

13. The '589 Patent is void and unenforceable for at least each of the following reasons, among others:

(a) prior to the alleged invention claimed in the patent or more than one year prior to the effective filing date of the application therefor, the alleged invention and all material and substantial parts thereof had been described, published, patented and contained in patents and printed publications in the United States and/or foreign countries;

(b) the applicant for the patent was not the original and first inventor of the alleged invention described and claimed in the patent or any material or substantial parts thereof, but the same in each of its material and substantial parts was invented, known to or used by others in this country before the applicant filed its patent application, and long before the applicant's alleged invention thereof, or was patented or described in a printed publication;

(c) more than one year prior to the effective application date of the patent, the alleged invention and each and every material and substantial part thereof were in public use or

5

on sale or offered for sale in the United States, or was patented or described in a printed publication;

(d) the alleged invention described and claimed in the '589 Patent does not constitute a patentable discovery or invention within the meaning of the patent statutes in view of the prior state of the art and was common knowledge on the part of those skilled in the art at or prior to the date of the alleged invention or discovery of the '589 Patent;

(e) the differences between the subject matter sought to be patented in the '589 Patent and the prior art are such that the subject matter as a whole of the patent would have been obvious at the time the alleged invention of the '589 Patent was made to persons of ordinary skill in the art to which the subject matter pertains;

(f) the specification of the '589 Patent is not in such full, clear, concise and exact terms as to enable any person skilled in the arts or sciences to which the subject matter pertains, or with which it is most nearly connected, to make and use the same, and does not set forth the best mode contemplated by the inventor of carrying out the alleged invention; and

(g) the '589 Patent fails to particularly point out and distinctly claim the improvement or combination alleged to constitute the invention or disclosure thereof.

## COUNT TWO

### Invalidity, Non-Infringement and Unenforceability of the '730 Patent

14. Conbraco repeats and realleges paragraphs 1-13 above.

15. The '730 Patent was issued on August 13, 2013 to Mitsubishi as assignee of Keiichiro Oishi on an application filed on March 31, 2005 for "Copper/Zinc Alloys Having Low Levels of Lead and Good Machinability." Mitsubishi, as assignee, claims to be the owner of all right, title and interest in and to the '730 Patent.

16. Mitsubishi has alleged and does now allege that Conbraco is infringing the '730 Patent by selling valves throughout the United States containing a "free-cutting copper-silicone-zinc alloy." Conbraco has denied and does now deny such charge of infringement, has asserted and does now assert that it has the right to practice its sale of valves unhampered and unmolested by Mitsubishi, and seeks a declaration by this Court that Conbraco has not and is not infringing any claim of the '730 Patent, that the claims of the '730 Patent are invalid, and that the '730 Patent and its claims are unenforceable.

17. Conbraco specifically denies infringement with respect to the '730 Patent. The '730 Patent, when given the scope asserted for it by Mitsubishi, is broader than the alleged invention described therein and consequently Mitsubishi is not entitled to assert such scope for the '730 Patent so as to cover the method practiced by Conbraco and alleged by Mitsubishi to be an infringement of its '730 Patent.

18. The '730 Patent is void and unenforceable for at least each of the following reasons, among others:

(a) prior to the alleged invention claimed in the patent or more than one year prior to the effective filing date of the application therefor, the alleged invention and all material and substantial parts thereof had been described, published, patented and contained in patents and printed publications in the United States and/or foreign countries;

(b) the applicant for the patent was not the original and first inventor of the alleged invention described and claimed in the patent or any material or substantial parts thereof, but the same in each of its material and substantial parts was invented, known to or used by others in this country before the applicant filed its patent application, and long before the applicant's alleged invention thereof, or was patented or described in a printed publication;

7

(c) more than one year prior to the effective application date of the patent, the alleged invention and each and every material and substantial part thereof were in public use or on sale or offered for sale in the United States, or was patented or described in a printed publication;

(d) the alleged invention described and claimed in the '730 Patent does not constitute a patentable discovery or invention within the meaning of the patent statutes in view of the prior state of the art and was common knowledge on the part of those skilled in the art at or prior to the date of the alleged invention or discovery of the '730 Patent;

(e) the differences between the subject matter sought to be patented in the '730 Patent and the prior art are such that the subject matter as a whole of the patent would have been obvious at the time the alleged invention of the '730 Patent was made to persons of ordinary skill in the art to which the subject matter pertains;

(f) the specification of the '730 Patent is not in such full, clear, concise and exact terms as to enable any person skilled in the arts or sciences to which the subject matter pertains, or with which it is most nearly connected, to make and use the same, and does not set forth the best mode contemplated by the inventor of carrying out the alleged invention; and

(g) the '730 Patent fails to particularly point out and distinctly claim the improvement or combination alleged to constitute the invention or disclosure thereof.

## COUNT THREE

### Unfair Competition

18. Conbraco repeats and realleges paragraphs 1-17 above.

19. Mitsubishi has accused Conbraco of infringement without a good faith basis on which to conclude that Conbraco is, in fact, infringing the '589 and '730 Patents.

20. Mitsubishi's actions are and were intended to improve its competitive position in the marketplace by means of baseless allegations of patent infringement made for the purpose of inducing Conbraco by intimidation to discontinue practicing the method it is legally entitled to practice. Such intimidation includes but is not limited to repeated references to Conbraco's major customer and suppliers under circumstances calculated to cause Conbraco to discontinue legal activity rather than involve the customer and suppliers in patent infringement litigation.

30. As a result of Mitsubishi's actions, Mitsubishi has caused injury to Conbraco's business.

31. Mitsubishi's conduct as alleged above constitutes unfair acts and practices in trade or commerce within the meaning of and in violation of North Carolina General Statute §75-1.1, Conbraco has been injured in an amount which cannot be presently calculated.

## PRAYER FOR RELIEF

WHEREFORE, Conbraco prays the Court as follows:

(1) That United States Letters Patent No. 7,883,589 and all the claims thereof be adjudicated and decreed to be invalid and not infringed.

(2) That it be adjudged and decreed that Mitsubishi has misused the '589 Patent.

(3) That Mitsubishi, and persons acting on its behalf be permanently enjoined and restrained from all further such acts of patent misuse.

(4) That Mitsubishi and all persons acting on its behalf be permanently enjoined and restrained from charging, orally or in writing, that the '589 Patent is infringed by Conbraco, directly or indirectly.

(5) That Mitsubishi be found to have unfairly competed with Conbraco and injured Conbraco's business and business reputation by its misuse of the '589 Patent, and has willfully

violated the applicable laws of the United States and the State of North Carolina, all to the detriment of Conbraco.

(6) That United States Letters Patent No. 8,506,730 and all the claims thereof be adjudicated and decreed to be invalid and not infringed.

(7) That it be adjudged and decreed that Mitsubishi has misused the '730 Patent.

(8) That Mitsubishi and persons acting on its behalf be permanently enjoined and restrained from all further such acts of patent misuse.

(9) That Mitsubishi and all persons acting on its behalf be permanently enjoined and restrained from charging, orally or in writing, that the '730 Patent is infringed by Conbraco, directly or indirectly.

(10) That Mitsubishi be found to have unfairly competed with Conbraco and injured Conbraco's business and business reputation by its misuse of the '730 Patent, and has willfully violated the applicable laws of the United States and the State of North Carolina, all to the detriment of Conbraco.

(11) That Conbraco be awarded;

    (a) all damages sustained by Conbraco on account of injury to Conbraco's business reputation and business opportunities and damages sustained in consequence of Mitsubishi's wrongful acts as alleged above and that such damages be trebled;

    (b) all damages sustained by Conbraco on account of Mitsubishi's attempted enforcement of the '589 and '730 Patents against Conbraco and that such damages be trebled;

    (c) Conbraco's attorneys' fees and costs pertaining to this action;

(12) That all issues so triable be tried to a jury; and

(13) That Conbraco have such other and further relief as the Court may deem just and proper.

This the 2nd day of July, 2014.

Respectfully submitted,

s/ W. Thad Adams, III
W. Thad Adams, III (NC Bar No. 000020)
Attorney for Plaintiff
SHUMAKER, LOOP & KENDRICK, LLP
128 South Tryon St., Suite 1800
Charlotte, NC 28202
Tel: 704-945-2901
Fax: 704-332-1197
Email: tadams@slk-law.com

11

Case 3:14-cv-00368-RJC-DSC   Document 1   Filed 07/02/14   Page 11 of 11