# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00368-RJC-DSC

| | |
|---|---|
| CONBRACO INDUSTRIES, INC., )<br>)<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>)<br>MITSUBISHI SHINDOH CO., LTD., )<br>)<br>)<br>Defendant/Counter-Plaintiff. ) | **MEMORANDUM<br>AND RECOMMENDATION** |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12(b)(6)," Doc. 32, filed November 14, 2014 and the parties' associated briefs and exhibits, Docs. 33, 35 and 37.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action brought under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of invalidity of certain United States Patents and for violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 et seq. ("UDTPA").

Accepting the factual allegations of the Complaint as true, Mitsubishi sent Conbraco a letter in September 2012 stating that certain valves and fittings resold by Conbraco may infringe patents Nos. 7,883,589 and 8,506,730 (the "Patents") owned by Mitsubishi. Doc. 24 at ¶¶ 7, 9, 13. The letter further suggested that Conbraco purchase from Mitsubishi's licensees, rather than Conbraco's existing suppliers. Id. at ¶ 7. In January 2014 and April 2014, Mitsubishi's United States patent counsel sent letters to Conbraco's patent counsel asserting that Conbraco's valve products infringed the Patents. Id.

Conbraco alleges that around the same time that Mitsubishi was communicating its accusations of infringement to Conbraco, Mitsubishi conceded to a major supplier of the accused products that those products did not infringe the Patents, and that other products accused by Mitsubishi were in fact acquired from a Mitsubishi licensee or dealer. Id. at ¶ 19. Therefore, Conbraco alleges that Mitsubishi's accusations of infringement were baseless and intended to improve Mitsubishi's competitive position at the expense of Conbraco's legal right to sell the products at issue. Id. at ¶ 20.

On July 2, 2014, Conbraco filed an action seeking a declaratory judgment of invalidity of the Patents. On August 27, 2014, Mitsubishi filed a Motion to Dismiss under Rule 12(b)(6) and asserted a counterclaim for infringement. On October 29, 2014, Conbraco filed a First Amended Declaratory Judgment Complaint. The First Amended Complaint seeks declarations that the Patents are invalid as anticipated by prior art and/or obvious. Id. at ¶¶ 9-15. The Complaint further seeks relief under North Carolina General Statute Section 75-1.1 on grounds that Mitsubishi alleged infringement without a good faith basis to do so. Id. at ¶ 17.

On November 14, 2014, Mitsubishi filed this Motion to Dismiss Conbraco's unfair competition claim on grounds that it is preempted by federal patent law. Mitsubishi argues that

Conbraco failed to plead sufficient facts to demonstrate the subjective and objective components of bad faith necessary to avoid preemption.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical,

code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Conbraco argues that they have adequately plead that Mitsubishi committed an unfair and deceptive trade practice by communicating baseless allegations of infringement. Conbraco contends that the Patent Act does not preempt state law unfair competition claims premised on a patentee's bad faith assertion of infringement.

Federal patent law preempts state-law tort liability for a patent holder's good faith conduct in asserting infringement of its patent and warning about potential litigation. Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH, 524 F.3d 1254, 1260 (Fed. Cir. 2008). As a result, "bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim." Id.

Bad faith includes separate objective and subjective components. Id. To be objectively baseless, the infringement allegations must be such that "no reasonable litigant could reasonably

expect success on the merits." Id. (quoting GP Indus., Inc. v. Eran Indus., Inc., 500 F.3d 1369, 1374 (Fed.Cir.2007)). The subjective component is established by "a showing that the patentee in enforcing the patent demonstrated subjective bad faith." 800 Adept, Inc. v. Murex Sec., Ltd., 539 F.3d 1354 (Fed. Cir. 2008).

The undersigned concludes that Conbraco's First Amended Complaint contains sufficient allegations of bad faith to survive Mitsubishi's Motion to Dismiss. Conbraco alleges that Mitsubishi alleged infringement "without a good faith basis" and despite having conceded to Conbraco's major supplier that its products did not infringe the Patents or were supplied by an authorized dealer. Doc. 24 at ¶ 19. Conbraco also alleges that Mitsubishi's allegations of infringement were "baseless" and intended to improperly "intimidat[e]" Conbraco into shifting to the supplier with which Mitsubishi was allied. Id. at ¶¶ 7, 20.

These allegations adequately plead both objective and subjective bad faith. Mitsubishi's assertion of infringement was objectively baseless because Conbraco sold products that Mitsubishi had previously conceded did not infringe the Patents or were supplied by an authorized dealer. Thus, there would be no reasonable expectation that an infringement claim would succeed on the merits. Mitsubishi's assertions were subjectively baseless because Mitsubishi knew that Conbraco's products did not infringe the Patents and conceded as much to Conbraco's supplier. Despite such knowledge, as Conbraco alleges, Mitsubishi made baseless assertions of infringement in order "to improve its competitive position" and "to cause Conbraco to discontinue legal activity" and to buy Mitsubishi's product from its preferred suppliers.3 Document # 24 ¶¶ 7, 20.

The undersigned finds these allegations sufficiently plead Conbraco's claim for unfair and deceptive trade practices and that such claim is not preempted by federal patent law.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant's Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12(b)(6)," Doc. 32, be DENIED.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.   Signed: January 30, 2015

David S. Cayer
United States Magistrate Judge